**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER WESLEY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-369-HE |
| | ) | |
| JOSEPH TAYLOR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Christopher Williams, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo. He has recommended that petitioner's motion for stay and abeyance be denied and the petition be dismissed without prejudice, if Mr. Williams's petition is viewed as a "mixed petition" asserting an unexhausted claim of ineffective assistance of appellate counsel. [Report and Recommendation, Doc. #22]. Petitioner filed an objection [Doc. #23] and the motion is at issue.

A state prisoner is required to exhaust all state remedies before seeking post-conviction relief in federal court. *See* 28 U.S.C. 2254(b)(1)(A). This "total exhaustion" rule requires the petition to include only exhausted claims. *See generally* Rhines v. Weber, 544 U.S. 273-78 (2005). When faced with a "mixed petition" including both exhausted and unexhausted claims, the district court has three options within its discretion: 1) dismiss the claim without prejudice, 2) allow the petitioner leave to amend to omit the unexhausted

claims, or 3) stay the federal proceeding in order to allow the petitioner to exhaust state court remedies. *See id.* at 278. Stay and abeyance, however, is only available in limited circumstances where there was "good cause for the petitioner's failure to exhaust his claims in state court," petitioner's unexhausted claim is not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

In the present case, the petitioner is apparently seeking to exhaust state remedies as to a claim for ineffective assistance of appellate counsel. However, while the alleged shortcomings of his appellate counsel were mentioned in his petition, they were not identified as a separate ground for relief, and Mr. Williams has affirmatively stated his current petition does not advance a claim for ineffective assistance of appellate counsel. [Doc. #11, p.1]. In these circumstances, the court concludes the better approach is to resolve the claims which have been asserted in the petition rather than delay in anticipation of claims not yet asserted. Accordingly, petitioner's motion for a stay and abeyance [Doc. #13] is **DENIED**. This case is re-referred to Magistrate Judge Doyle W. Argo for further preliminary proceedings consistent with 28 U.S.C. § 636(b)(1) and this order.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE