# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER WESLEY WILLIAMS, )
)
                Petitioner, )
vs. )   Case No. CIV-11-0369-HE
)
JOSEPH TAYLOR, Warden, )
)
                Respondent. )

## ORDER

Petitioner Christopher Williams, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo. Presently at issue is Judge Argo's recommendation that Mr. Williams's petition for writ of habeas corpus be denied. Petitioner has filed an objection. After making a de novo determination of the issues to which petitioner has objected, *see* 28 U.S.C. § 636(b)(1), the court concludes that Mr. Williams's habeas petition should be denied for substantially the same reasons as stated in the magistrate judge's Report and Recommendation.

### I. Background

In September 2007, petitioner was convicted of trafficking in illegal drugs (cocaine) after two or more felony drug convictions by a jury in Kay County, Oklahoma. He was sentenced to life imprisonment without parole. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence on direct appeal. Mr. Williams then sought state post-conviction relief. His application was denied by the state district court, and the

OCCA affirmed the denial on January 26, 2011. Mr. Williams filed the present habeas petition on April 4, 2011.

The petitioner raises the following six grounds for relief: 1) His sentence was enhanced improperly because the government failed to prove his prior convictions were felonies. 2) The trial court erred by ruling that he lacked standing to challenge a no-knock warrant. 3) The trial court erred in failing to give a lesser-included offense instruction. 4) Contaminated evidence denied him a fair trial. 5) He was denied effective assistance of counsel because his trial counsel failed to: (a) investigate his prior convictions, (b) request the lesser-included offense instruction, (c) properly advise him as to the time he would actually serve in prison if he accepted the state's plea offer, and (d) object to mishandled evidence. 6) The cumulative effect of these errors denied petitioner a fair trial.

Magistrate Judge Argo has entered two previous report-and-recommendations in this case. The first recommended that the court deny respondent's motion to dismiss on the basis of petitioner's representation that he was not advancing a claim for ineffective assistance of appellate counsel in the current proceedings. [Doc. #12]. The court adopted the magistrate judge's recommendation in full. [Doc. #16]. In his second, the magistrate judge recommended that petitioner's motion for stay and abeyance be denied and his petition dismissed without prejudice. [Doc. #22]. The court agreed that petitioner's motion for stay and abeyance should be denied, but concluded the more appropriate course was "to resolve the claims which have been asserted in the petition rather than delay in anticipation of claims not yet asserted." Order, Nov. 23, 2011, at 2 [Doc. #24]. The case was then re-referred to

the magistrate judge for further initial proceedings. The present report and recommendation followed.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the requirements for granting a writ of habeas corpus. House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008). 28 U.S.C. § 2254 governs the writ as it applies to state prisoners attacking the validity of their conviction or sentence. Only claims alleging a violation of federal law are cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a). Additionally, a habeas petition under § 2254 cannot be granted unless the claims raised in it have been "fairly presented" to the state court. *See* 28 U.S.C. § 2254(b)(1)(A); Fairchild v. Workman, 579 F.3d 1134, 1151 (10th Cir. 2009). If a claim was presented to the state court and was adjudicated on its merits, then the claim falls within § 2254(d) and the federal court's role is limited. *See* Hain v. Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002). And, claims which were presented to the state court but rejected based on "an independent and adequate state procedural rule" are barred from this court's consideration unless the petitioner can demonstrate cause and actual prejudice.[1] Coleman v. Thompson, 501 U.S. 722, 755 (1991).

**A. Claims considered by the OCCA on direct appeal**

If the state court determined a claim on its merits, the petitioner is entitled to habeas

---

[1]*The court can also overlook a procedural default in the rare case where the petitioner is factually innocent of the charged crime. See Ellis v. Hargett, 302 F.3d 1182, 1186, n.1 (10th Cir. 2002). The burden of proof required to invoke this exception is onerous, and petitioner has not carried it here.*

relief only if he establishes the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Federal law is "clearly established" only if it is contained in a holding of the Supreme Court of the United States. Thaler v. Haynes, 130 S.Ct. 1171, 1173 (2010). "Under § 2254(d)(1), a habeas petitioner may obtain relief (1) if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts; or (2) if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1173-74 (quotations omitted). This standard requires more than a determination that the state court committed clear error; the state court's application of federal law must have been objectively unreasonable. *See* House, 527 F.3d at 1019.

The OCCA considered the substance of petitioner's grounds 1, 2, 3, 5(a), 5(b), and 6 on direct appeal. Mr. Williams has failed to identify any Supreme Court holding of which the OCCA's decision runs afoul, nor can he.

*1. Sentence enhancement*

Petitioner's claim that his sentence was improperly enhanced is premised on the argument that this court can overturn the OCCA's interpretation of Oklahoma statutory law.[2]

---

[2]*Petitioner contends that one of his convictions was a misdemeanor under California law. The OCCA disagreed but held that even if it was, the conviction would have been*

*See* Objection at 2 [Doc. #28]. But, as Judge Argo's recommendation explained, that is not the case. *See, e.g.,* Bradshaw v. Richey, 546 U.S. 74, 76 (2005). On direct appeal, the OCCA clearly held that petitioner's prior drug convictions in California were felony drug convictions under 63 Okla. Stat. § 2-415(D)(3). *See* OCCA slip op. at 3-6 [Doc. #19-3]. This court is bound by that interpretation of Oklahoma law.

*2. Standing to challenge warrant*

Petitioner contends the Oklahoma courts' ruling that he lacked standing as a houseguest to challenge the validity of the no-knock warrant is contrary to the holding in Franks v. Delaware, 438 U.S. 154 (1978). In Franks, the Supreme Court held the Fourth Amendment requires that a search warrant which is later found to have been obtained based upon an affidavit containing intentionally false statements must be voided and the evidence seized pursuant to that warrant excluded. *See* 438 U.S. at 155-56. But federal habeas relief on the basis of a Fourth Amendment violation is unavailable to a state prisoner who had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 494 (1976). The court agrees with the magistrate judge's conclusion that Mr. Williams had a full and fair opportunity to litigate this claim in state court; therefore, petitioner is not entitled to habeas relief on this basis.

*3. Lesser-included offense instruction*

Mr. Williams argues the state trial court erred when it failed to give an instruction to

---

*considered a felony under Oklahoma law, and that is what mattered for sentencing under the Oklahoma statute.*

5

the jury on the lesser-included offense of mere possession. But habeas relief on this basis is unavailable to a petitioner in a non-capital case, even if such an instruction was warranted. *See* Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993).

*4. Ineffective assistance of trial counsel (unbarred claims)*

Two of Mr. Williams's ineffective assistance of counsel claims were presented to the OCCA on direct appeal and considered by it. By these claims, petitioner contends his Sixth Amendment right to assistance of counsel was violated when his trial counsel failed to: (a) investigate his prior California convictions and (b) request the lesser-included offense instruction discussed above.

Counsel's performance was ineffective under the Sixth Amendment only if it was objectively unreasonable and actually prejudiced the petitioner's defense. *See* Strickland v. Washington, 466 U.S. 668, 687–88 (1984). The standards of review under § 2254 and Strickland are both highly deferential and, when applied together, "review is 'doubly' so." Black v. Workman, No. 10-6062, slip op. at 33 (10th Cir. June 14, 2012) (publication forthcoming) (quoting Harrington v. Richter, 131 S.Ct. 770, 778 (2011)).

The OCCA concluded that trial counsel's failure to investigate petitioner's prior California convictions could not have prejudiced Mr. Williams because the court held as a matter of law that those convictions were prior felony drug convictions under the Oklahoma statute. *See* OCCA slip op. at 12. It also found that trial counsel's failure to request the lesser-included offense instruction was not deficient because the instruction was not warranted based on the evidence. *See id.* at 12-13. This court cannot say that the OCCA's

conclusion was an unreasonable application of Strickland or any other holding of the Supreme Court.

*5. Cumulative error*

Petitioner claims he is entitled to habeas relief because the cumulative effect of the alleged errors denied him a fair trial. "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." Brown v. Sirmons, 515 F.3d 1072, 1097 (10th Cir. 2008) (quotation omitted). The OCCA considered this claim on the merits and concluded that it must fail because there had not been any error. As the court has concluded that the OCCA's decision was not an unreasonable application of any federal law, there can be no cumulative error warranting federal habeas relief.

**B. Claims which are procedurally barred**

In his state post-conviction application, petitioner claimed for the first time that he was denied a fair trial because the chain of evidence was broken and the drug evidence seized from him was contaminated.[3] He also claimed for the first time that his trial counsel was ineffective for failing to properly advise him as to the amount of time petitioner would actually spend in jail if he accepted the state's plea bargain.[4] The state district court denied his application as to these claims on the basis that they were waived because he could have

---

[3] Ground 4 of the present petition.

[4] Ground 5(c) of the present petition.

7

raised these issues on direct appeal. The OCCA affirmed. *See* Doc. #19-5. Both of these claims have been reasserted here.

Additionally, although he has not previously presented this issue to any state court, Mr. Williams claims in his present habeas petition that he was denied effective assistance of counsel because his trial counsel failed to object to the admission of the allegedly contaminated drug evidence.[5] Ordinarily, a federal court cannot consider a habeas petition under § 2254 which contains both exhausted and unexhausted claims. *See* Rhines v. Weber, 544 U.S. 269, 273-75 (2005). "If, however, it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (citations omitted).

Under Oklahoma law, a claim that was or could have been raised on direct appeal cannot be considered in post-conviction proceedings. Nguyen v. State, 879 P.2d 148, 149 (Okla. Crim. App. 1994). Additionally, an applicant may ordinarily only file one state post-conviction application and, as a result, petitioner would not be able to exhaust his claim that his trial counsel was ineffective for failing to object to the admission of allegedly contaminated drug evidence. *See* 22 Okla. Stat. § 1086. The only exceptions are when there has been an intervening change in constitutional law or when the court finds there was a

---

[5]*Ground 5(d) of the present petition.*

8

"sufficient reason" for the petitioner's failure to raise the issue earlier.[6] *See* Woodruff v. State, 910 P.2d 348, 350 (Okla. Crim. App. 1996). This procedure is generally an independent and adequate state ground for denying habeas relief.[7] *See* Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002). Therefore, this court cannot consider the three claims petitioner failed to present to the OCCA on direct appeal unless he can demonstrate cause and prejudice. *See* Coleman, 501 U.S. at 750.

As cause to excuse his procedural default, petitioner argues that his appellate counsel was ineffective by failing to raise these claims on direct appeal. Ineffective assistance of appellate counsel can establish cause excusing a procedural default. Ellis, 302 F.3d at 1186. However, in order to excuse a procedural default, the ineffective assistance of appellate counsel claim must itself have first been presented to the state court. *See* Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Because petitioner did not raise this issue in his original post-conviction application, he cannot raise it now. Therefore, grounds 4, 5(c), and

---

[6]*Plaintiff has offered no reason for why he could not have raised his fourth ineffective assistance of counsel claim in his original post-conviction application, nor has he made the court aware of any intervening change in constitutional law which would help him. As a result, the exceptions do not apply and any second state post-conviction application would be procedurally barred by 22 Okla. Stat. § 1086. Moreover, even if he had included it in his original petition, the state district court undoubtedly would have denied it on the basis that petitioner could have raised the claim on direct appeal.*

[7]*This procedure is adequate to bar an ineffective assistance of trial counsel claim only when petitioner's trial and appellate counsel were different and the claim of ineffectiveness could have been resolved on the record alone.* English v. Cody, *146 F.3d 1257, 1264 (10th Cir. 1998). The magistrate judge concluded in his report and recommendation that these two conditions are satisfied, see Report and Recommendation at 16 [Doc. #27], and petitioner's objection does not take issue with that finding. As a result, the issue has been waived and the court need not consider it further. See 28 U.S.C. § 636(b)(1).*

5(d) in Mr. Williams's habeas petition are procedurally barred from this court's consideration.

### III. Conclusion

Magistrate Judge Argo's Report and Recommendation [Doc. #27] is **ADOPTED** and Mr. Williams's petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] is **DENIED**. Additionally, after fully considering the petitioner's submission, the court concludes that petitioner has not made a "substantial showing of the denial of a constitutional right," nor could reasonable jurists disagree as to correctness of the court's procedural rulings. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore the court denies petitioner a certificate of appealability ("COA"). *See* Rules Governing § 2254 Cases, Rule 11(a). A separate judgment will be entered contemporaneously with this order. *See* Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED**.

Dated this 19th day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE